UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED DENTAL CENTERS, LTD., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 1:22-cv-00585-JPH-MPB |
| PACIFIC EMPLOYERS INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS**

Like many other businesses, United Dental Centers was financially impacted by the COVID-19 pandemic. It sought to offset those losses by bringing a claim under its insurance policy with Pacific Employers Insurance Company ("PEIC"). After PEIC denied coverage, United Dental brought this suit, alleging that the denial breached their contract. PEIC has filed a motion to dismiss. Dkt. [19]. For the reasons below, that motion is **GRANTED**.

## I.
## Facts and Background

Because PEIC has moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

United Dental operates dental practices in Indiana and Illinois. Dkt. 1-1 at 3 (Compl. ¶ 2). During 2020, it carried a commercial insurance policy from PEIC to cover these locations. *Id.* at 3, 16 (Compl. ¶¶ 2, 54). The policy covered:

1

> the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

*Id.* at 60 (Compl., Exh. 1).

In March 2020, the governors of Indiana and Illinois declared the COVID-19 outbreak an "emergency," ordering individuals to stay at home. *Id.* at 12–13 (Compl. ¶¶ 37–38, 41, 43). The states also issued orders that directed "all elective non-urgent surgical and invasive procedures by dentists and dental facilities to be canceled or postponed." *Id.* at 13 (Compl. ¶¶ 39, 42). Both states let elective dental procedures resume by May. *Id.* (Compl. ¶¶ 40, 42).

United Dental filed a claim with PEIC for damages associated with having to close or limit use of its facilities during this time. *Id.* at 14–15 (Compl. ¶ 47–56). PEIC denied the claim because "[t]here is no information supporting [that] any direct physical loss or damage has occurred" and since the policy excluded coverage caused by any virus. *Id.* at 16, 203–27 (Compl. ¶ 57, Exh. 2).

In March 2022, United Dental filed this suit in Indiana state court, alleging breach of contract and seeking a declaratory judgment of coverage under its insurance policy with PEIC. *Id.* at 2–21 (Compl.). PEIC removed the case to this Court, dkt. 1, and moved to dismiss the complaint for failure to state a claim, dkt. 19.[1]

---

[1] United Dental cites extraneous "insurance industry material" to aid the Court in its interpretation of the terms of its insurance policy with PEIC. *See* dkt. 55 at 14 n.1. This includes another insurance company's emails, dkt. 28-2 at 1, and a "risk bulletin," dkt. 54-1. These documents are "matters outside the pleadings" and are not

## II.
## Applicable Law

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief may be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

When ruling on a 12(b)(6) motion, the Court will "accept the well-pleaded facts in the complaint as true," but will not defer to "legal conclusions and conclusory allegations merely reciting the elements of the claim." *McCauley*, 671 F.3d at 616.  Indiana substantive law governs this case. *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).  Absent a controlling decision from the Indiana Supreme Court, the Court does its best to predict how that court would rule on the issues of law. *Mashallah, Inc. v. West Bend Mutual Insurance Co.*, 20 F.4th 311, 319 (7th Cir. 2021).  In doing so, the Court may consider decisions from the Indiana Court of Appeals. *See id.*

---

considered at the motion-to-dismiss stage. *See Financial Fiduciaries, LLC v. Gannett Co.*, 46 F.4th 654, 663 (7th Cir. 2022).  Additionally, the Court declines to take judicial notice of these documents under Fed. R. Evid. 201. *See* dkt. 55 at 14 n.1. "In order for a fact to be judicially noticed, indisputability is a prerequisite." *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1354 (7th Cir. 1995).  But here, the facts contained in emails and memoranda prepared by third parties are not indisputably true, so the Court will not consider them at this stage.

# III.
# Analysis

United Dental alleges that its losses are covered by the policy's business income loss provision:

> We will pay for the actual loss of Business Income you sustain due to the necessary suspension of your "operations" during the "period of restoration". The suspension must be caused by direct physical loss of or damage to property at the described premises. The loss or damage must be caused by or result from a Covered Cause of Loss.

Dkt. 1-1 at 60; dkt. 55 at 6–7. The parties agree this is an "all-risk" policy, dkt. 55 at 11; dkt. 58 at 1–2, which means it provides coverage "for all fortuitous losses in the absence of fraud or misconduct of the insured, unless the policy contains a specific provision expressly excluding the loss from coverage." *Associated Aviation Underwriters v. George Koch Sons, Inc.*, 712 N.E.2d 1071, 1073 (Ind. Ct. App. 1999).

PEIC contends that the complaint does not contain factual allegations "which, if believed, would prove that United Dental's property suffered direct physical loss or damage." Dkt. 20 at 17. United Dental responds that it has shown "direct physical loss" because its complaint "specifically alleges that the virus causing COVID-19 illness 'physically alters both the surfaces and the air it comes into contact with.'" Dkt. 55 at 1.

Federal jurisdiction in this case is based on diversity, and the parties agree that Indiana law applies. *See* dkt. 20 at 8; dkt. 55 at 9. The Court "must apply Indiana law by doing [its] best to predict how the Indiana Supreme Court would decide" the issue. *Webber*, 923 F.3d at 482; *Mashallah, Inc.*, 20 F.4th at

4

319. "Insurance policies are contracts subject to the same rules of judicial construction as other contracts." *Erie Indem. Co. v. Est. of Harris ex rel. Harris*, 99 N.E.3d 625, 630 (Ind. 2018). "When confronted with a dispute over the meaning of insurance policy terms, Indiana courts afford clear and unambiguous policy language its plain, ordinary meaning." *Id.*

There is a "growing national consensus regarding the meaning of 'direct physical loss'": "The mere presence of the virus on surfaces [does] not physically alter the property, nor [does] the existence of airborne particles carrying the virus." *East Coast Ent. of Durham, LLC v. Houston Cas. Co.*, 31 F.4th 547, 551 (7th Cir. 2022) (applying Illinois law). Indeed, "principles of Indiana law regarding insurance policy interpretation closely resemble those of . . . other states whose law courts have applied in COVID-19 insurance cases." *Circle Block Partners, LLC v. Fireman's Fund Ins. Co.*, 44 F.4th 1014, 1018 n.1 (7th Cir. 2022). It's no surprise then that the Court of Appeals of Indiana recently held "as a matter of law" that "virus particles do not cause physical loss or damage to property so as to qualify as a covered loss." *Indiana Repertory Theatre, Inc. v. Cincinnati Cas. Co.* ("*IRT II*"), 203 N.E.3d 555, 555–56 (Ind. Ct. App. 2023).[2]

United Dental insists that the COVID virus "physically and chemically alters the composition of many common surfaces," as the virus "adsorbs" onto the surface through "intermolecular electric interactions." Dkt. 1-1 at 6–7

---

[2] *IRT II* was decided on February 13, 2023—after the briefing for this motion was concluded. PEIC filed a notice of supplemental authority, directing the Court to this opinion. Dkt. 61. United Dental has not filed anything in response.

(Compl. ¶¶ 22–23); dkt. 55 at 13.  It also alleges that the virus "physically and chemically alters the air within a building or structure."  Dkt. 1-1 at 8 (Compl. ¶ 26).  United Dental contends these claims are sufficient to "plausibly allege[] . . . a 'physical alteration' of its property, and/or a 'physical contamination' on its property."  Dkt. 55 at 14.

But this type of physical-alteration argument—both for surfaces and air—was squarely rejected in *IRT II* when it held that, regardless of whether the virus particles bind to surfaces, this does "not amount to physical alteration of the air and surfaces."  *IRT II*, 203 N.E.3d at 558; *accord Circle Block Partners*, 44 F.4th at 1020 (applying Indiana law and rejecting argument that "adsorption" or physical attachment of virus particles to surfaces constitutes physical alteration); *Stant USA Corp. v. Factory Mut. Ins. Co.*, No. 22-1336, 2023 WL 2326096, at *3 (7th Cir. Mar. 2, 2023) (same).[3]  While the Indiana Supreme Court has not confronted this issue, the Seventh Circuit has explained that there's no "serious doubt" that the Indiana Supreme Court would rule in accordance with *IRT II*.  *Circle Block Partners*, 44 F.4th at 1024.

*IRT II* acknowledged that "virus particles can linger in the air and attach or bind to surfaces."  IRT II, 203 N.E.3d at 558.  But it noted that it's undisputed that the virus causing COVID-19 "can be cleaned or dies on its own naturally."  *Id.*  Therefore, the COVID virus "did not physically alter" "the air and surfaces" inside the insured property.  *Id.* (citing cases to show "the great

---

[3] *Stant USA Corp.* was also decided after briefing ended.  United Dental has not responded to PEIC's notice of supplemental authority regarding this case, dkt. 62.

weight of authority from around the country" supporting this conclusion). Therefore, lost income because of COVID-19 was not covered by the property insurance policy in the case. *Id.* at 559.[4]

Finally, United Dental argues that the question of whether the COVID virus "physically altered and physically contaminated its property" involves "complex, evolving science" and thus "cannot be decided as a matter of law at the pleadings stage." Dkt. 55 at 18–20. But the Court of Appeals of Indiana had the benefit of amicus briefs and scientific declarations in *IRT II* and still concluded that the presence of virus particles on a surface does not qualify as a physical alteration. *See IRT II*, 203 N.E.3d at 557 n.2; *see also Crescent Plaza Hotel Owner, L.P. v. Zurich Am. Ins. Co.*, 20 F.4th 303, 309–10 (7th Cir. 2021) ("The question is how an ordinary reader or policyholder, not a scientist, would understand the term as used in the policy.").

In sum, United Dental's complaint fails to state a claim upon which relief can be granted. The overwhelming consensus of courts around the country—including the recent opinion by the Court of Appeals of Indiana—make clear that the presence of virus particles on a surface is not a physical alteration for

---

[4] United Dental insists the courts that have developed this weight of caselaw "parroted the incorrect assertion from the popular insurance treatise, Steven *Plitt's Couch on Insurance 3d*, that that property policies required a 'distinct, demonstrable, physical alteration' to trigger coverage." Dkt. 55 at 23 n.4. But the Court must apply Indiana law in this case, and the Court of Appeals of Indiana has favorably cited this standard, noting that "the Couch treatise has been accepted as instructive for over fifteen years in Indiana." *Indiana Repertory Theatre v. Cincinnati Cas. Co.*, 180 N.E.3d 403, 410 n.10 (Ind. Ct. App.), *trans. denied*, 193 N.E.3d 372 (Ind. 2022) ("*IRT I*").

7

the purposes of property insurance policies.  Therefore, United Dental's losses are not covered by its policy with PEIC.[5]

## IV.
## Conclusion

PEIC's motion to dismiss, dkt. [19], is **GRANTED**.  "Because it would not be possible for [United Dental] to cure the pleading deficiencies in an amended complaint," *Circle Block Partners*, 44 F.4th at 1017, the case is **DISMISSED with prejudice**.  The Joint Motion to Suspend Case Management Deadlines, dkt. [63], is **DENIED as moot**.

Final judgment shall enter by separate order.

**SO ORDERED.**

Date: 3/31/2023

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

---

[5] Additionally, the Court need not address PEIC's other arguments in favor of dismissal—including that the "virus" exclusion bars coverage.  *See* dkt. 20 at 2.